# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT LEHMAN,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>TULSI GABBARD and PAM BONDI,<br><br>　　　　　　　　　Respondents. | Case No. 25-cv-02225-BAS-MSB<br><br>**ORDER:**<br>**(1) GRANTING PETITIONER'S MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF Nos. 3, 4)**<br><br>**(2) DISMISSING PETITIONER COMPLAINT (ECF No. 7)** |

Petitioner Kent Lehman is proceeding *pro se*—without an attorney. He filed the First Amended Petition for Writ of Mandamus on November 5, 2025 (ECF No. 7), against Respondents Tulsi Gabbard and Pam Bondi, as agents of the United States federal government. Petitioner seeks for his name to be removed from an alleged Federal Bureau of Investigation ("FBI") database. He has also filed two motions seeking leave to proceed *in forma pauperis* ("IFP")—without prepaying court fees or costs. (ECF Nos. 3, 4.)

For the following reasons, the Court **GRANTS** Petitioner's motions to proceed IFP (ECF Nos. 3, 4) and **DISMISSES WITHOUT PREJUDICE** his Petition (ECF No. 7) as failing to adequately state a claim for relief.

**I.　MOTION FOR LEAVE TO PROCEED IFP**

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family), *vacated in part on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some

particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Petitioner's application, the Court finds that Petitioner meets the requirements in 28 U.S.C. § 1915 for IFP status. Though Petitioner states that he has $0 in monthly expenses, the Court finds this hard to believe as Plaintiff must have some living expenses. Nonetheless, Petitioner is unemployed and receives $355.00 per month in public assistance, and $291.00 per month in other assistance (likely food stamps), for a total of $644.00 per month. (ECF Nos. 3, 4 at 2.) Furthermore, Petitioner is disabled and homeless. (ECF Nos. 3, 4 at 5.) Under these circumstances, the Court finds that requiring Petitioner to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Petitioner's applications for leave to proceed IFP (ECF Nos. 3, 4).

## II.    SCREENING UNDER 28 U.S.C. § 1915(e)

Notwithstanding payment of any filing fee or portion thereof, a petition filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or ... seeks monetary relief against a [respondent] who is immune from such relief[.]" *Lopez v. Smith*, 203 F.3d 1122, 1141 n.6 (9th Cir. 2000) (en banc); *see also* 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194

(9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

Under 28 U.S.C. § 1915(e)(2)(B), courts must sua sponte dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from respondents who are immune. *See* 28 U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, Petitioner seeks to petition the Court for a Writ of Mandamus, pursuant to 28 U.S.C. § 1361, for the Court to order Respondents to work with the Federal Bureau of Investigation to remove his name from a terrorist watch list (ECF No. 7 at 3–4). The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A petitioner must "exhaust[ ] all other avenues of relief" and mandamus relief may be used only "if the [respondent] owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "For mandamus relief, three elements must be satisfied: '(1) the [petitioner's] claim is clear and certain; (2) the [respondent official's] duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.'" *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003). "Even if the test is met, the district court still retains the discretion to deny relief." *Id*.

The Court finds Petitioner did not specify a nondiscretionary legal duty that Respondents failed to fulfill—and so, finds that Petitioner has not adequately alleged the Court can compel the FBI to remove his name from the alleged watchlist.

First, the Court finds Petitioner has failed to adequately describe the alleged watchlist Petitioner was placed on—which can dictate whether the Court has authority to hear Petitioner's challenges to his placement on the alleged list. *See Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 991 (9th Cir. 2012) ("[49 U.S.C.] § 46110(a) does not bar district court jurisdiction over Ibrahim's challenges to her placement on the government terrorist watchlists, including the No–Fly List, because the lists are managed by TSC rather than TSA . . . however . . . § 46110(a) requires all challenges to TSA's policies and procedures implementing the No–Fly and other lists to be filed directly in the court of appeals."). The Court does not generally have the unilateral authority to review the actions of the FBI, as the FBI is an executive agency. *See In re U.S. Dep't of Educ.*, 25 F.4th 692, 699 (9th Cir. 2022) (citing *ABF Freight Sys., Inc. v. NLRB*, 510 U.S. 317, 324) ("Courts are not, however, to second-guess policy decisions properly delegated to the executive branch by the legislative branch").

Second, the Court finds Petitioner has failed to establish Article III standing, as required to bring an action in federal court. *Native Vill. of Kivalina v. ExxonMobil Corp.*, 663 F. Supp. 2d 863, 877 (N.D. Cal. 2009). To establish Article III standing, Petitioner must establish the following, *id.*:

> (1) an injury in fact (i.e., a concrete and particularized invasion of a legally protected interest;
> (2) causation (i.e., a fairly traceable connection between the alleged injury in fact and the alleged conduct of the [respondent]); and
> (3) redressability (i.e., it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

Petitioner has failed to state any concrete injury incurred as a result of being placed on the alleged terrorist watchlist. For instance, Petitioner has not alleged that Petitioner was denied a visa or the ability to travel as a likely result of being placed on the watchlist. *Cf Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 993 (9th Cir. 2012) (finding Article III Standing where "it is a reasonable inference that removal of [Petitioner's] name from government watchlists would make a grant of a visa more likely"); *Ibrahim v. U.S. Dep't*

*of Homeland Sec.*, 912 F.3d 1147, 1179 (9th Cir. 2019) (finding standing where being misplaced on a No Fly list can harm a plaintiff's "right to flight.").

It follows that, since Petitioner has failed to adequately describe the kind of list that Petitioner was included on or to adequately allege any concrete injury that Petitioner incurred as a result of being placed on the list, Petitioner's claim for mandamus relief is not "clear and certain" and Petitioner has failed to allege that the FBI has any "duty" to remove his name from the alleged list. *See Johnson*, 349 F.3d at 1154. Thus, the Court cannot compel mandamus; and the Court finds that Petitioner has failed to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's motions to proceed IFP (ECF Nos. 3, 4) and **DISMISSES WITHOUT PREJUDICE** his petition (ECF No. 7) as failing to adequately state a claim for relief. If Petitioner wishes to file an amended Petition, he must do so by **January 5, 2025**.

IT IS SO ORDERED.

DATED: December 15, 2025

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**